IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 29, 2023

## STATE OF TENNESSEE v. SHAWN RAFAEL BOUGH

**Appeal from the Criminal Court for Knox County
No. 123124    Steven W. Sword, Judge**

_____

### No. E2022-01788-CCA-R3-CD

_____

The petitioner, Shawn Rafael Bough, appeals the Knox County Criminal Court's summary denial of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JILL BARTEE AYERS, J., joined.

Shawn Rafael Bough, Pikeville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; and Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In June 2001, a Knox County Criminal Court jury convicted the petitioner of felony murder and especially aggravated robbery for the shooting death and robbery of Billy Oldham, for which he received an effective life sentence. *State v. Bough*, 152 S.W.3d 453, 456-59 (Tenn. 2004). On appeal, this court determined that the petitioner had waived most of his claims due to an untimely motion for new trial and affirmed his convictions. *State v. Shawn Rafael Bough*, No. E2002-00717-CCA-R3-CD, 2004 WL 50798, at *1 (Tenn. Crim. App., Knoxville, Jan. 12, 2004). Our supreme court affirmed the convictions, concluded that the motion for new trial was timely filed, and remanded to this court for review of the petitioner's remaining issues. *Bough*, 152 S.W.3d at 461. On remand, this court again affirmed the convictions. *State v. Shawn Rafael Bough*, No. E2004-02928-CCA-RM-CD, 2005 WL 100842, at *1 (Tenn. Crim. App. Jan. 19, 2005).

The petitioner filed a timely but unsuccessful petition for post-conviction relief, arguing, among other things, that trial counsel performed deficiently by failing to challenge the trial court's instructing the jury on especially aggravated robbery rather than simple robbery as the underlying felony to the felony murder charge. *Shawn Rafael Bough v. State*, No. E2007-00475-CCA-R3-PC, 2007 WL 3026395, at *1 (Tenn. Crim. App., Knoxville, Oct. 18, 2007). The post-conviction court concluded that the defendant was not prejudiced by the incorrect jury instruction, and this court affirmed. *Id.* at *8.

The petitioner then sought habeas corpus relief, arguing that the trial court "incorrectly instructed the jury that the underlying felony on the first degree felony murder charge was especially aggravated robbery, rather than simple robbery as charged in the indictment." *Shawn Rafael Bough v. Jim Morrow, Warden*, No. E2010-01194-CCA-R3-HC, 2011 WL 2118965, at *1 (Tenn. Crim. App., Knoxville, May 24, 2011). The habeas corpus court dismissed the petition and concluded that the issue was not cognizable in a habeas corpus proceeding, and this court affirmed. *Id.* at *2.

The petitioner next sought relief via a petition for a writ of error coram nobis on the ground of newly discovered evidence. The coram nobis court deemed the evidence incredible and dismissed the petition, and this court affirmed. *Shawn Bough v. State*, No. E2017-00015-CCA-R3-ECN, 2017 WL 3017289, at *1 (Tenn. Crim. App., Knoxville, July 17, 2017).

In November 2022, the petitioner filed a pro se motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1, raising the same claim raised in his habeas corpus petition. In his petition, he asserts that the trial court illegally amended the indictment when it incorrectly instructed the jury on especially aggravated robbery rather than simple robbery as the underlying felony to the felony murder charge. The trial court denied the defendant's motion for failure to state a colorable claim under Rule 36.1.

In this timely appeal, the petitioner reasserts his argument that the trial court illegally amended the indictment by giving erroneous jury instructions. The State argues that the petitioner's claim is not cognizable under Rule 36.1.

Rule 36.1 provides the defendant and the State an avenue to "seek to correct an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim

brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the unexpired sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

We note that the petitioner raises the same claim that he previously raised in his habeas corpus petition and that this court previously determined was not cognizable in habeas corpus proceedings. *See Shawn Rafael Bough*, 2011 WL 2118965, at *2. Because the definition of an "illegal sentence" in Rule 36.1 "mirrors" the definition of an illegal sentence that courts have applied in the habeas corpus context, *State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015), the petitioner is not entitled to relief under Rule 36.1 for claims that he previously raised and that this court rejected in habeas corpus proceedings. Furthermore, this court has already determined that "the petitioner was not prejudiced by the trial court's instructing the jury on the greater offense" as the underlying felony on the felony murder count. *Shawn Rafael Bough*, 2007 WL 3026395, at *8. The petitioner may not continue to relitigate issues that have been previously determined. *See State v. Ricky Flamingo Brown*, No. M2015-01754-CCA-R3-CD, 2016 WL 987641, at *2 (Tenn. Crim. App., Nashville, Mar. 15, 2016). Finally, the defendant's claim is a challenge to the legality of his conviction, which, even if true, does not render his *sentence* illegal. *See State v. Marcus Thomas*, No. W2017-00692-CCA-R3-CD, 2017 WL 5634250, at *1 (Tenn. Crim. App., Jackson, Nov. 22, 2017) ("The defendant's claim . . . is merely an attack on his convictions, which would not affect the legality of his sentence and would not, therefore, be cognizable in a Rule 36.1 proceeding."). Accordingly, we conclude that the trial court properly denied the petitioner's Rule 36.1 motion and that the petitioner is not entitled to relief.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-